*In re* MARRIAGE OF TOMMY LEE BODFORD, Petitioner-Appellee, and SHELBY BODFORD, Respondent-Appellant.

Second District    No. 80-365

Opinion filed March 18, 1981.

John W. Damisch, of Barclay, Damisch & Sinson, of Chicago, for appellant.

Keith E. Roberts and Robert R. Verchota, both of Donovan & Roberts, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Shelby Bodford (wife) appeals from the portion of the decree of dissolution of her marriage to Tommy Lee Bodford (husband) which divided the marital property. She contends that the trial court abused its discretion in not placing a value on the husband's pension benefits and in failing to consider other proper factors in making the division.

We conclude that the portion of the judgment which is the subject of the appeal must be reversed for failure to consider the valuation of the respective pension plans of the parties.

The parties were married in 1958. The husband was age 41 at the time of the decree entered on October 29, 1979, and the wife was age 39; they have two children, ages 17 and 14. Both of the parties are presently employed by Bell Laboratories. The wife is a mail clerk earning $12,100 a year. The husband, as a designer in the engineering department, has an

income of $2,100 per month. However, the wife testified that she had remained home from 1960 to 1978 raising the parties' children.

The judge, in effect, on the evidence before him at the time of the hearing divided the marital assets between the parties equally. Following objection by the husband, the court refused to admit testimony on behalf of the wife, who sought to set a value on the husband's pension plan, and no attempt was made to value the wife's interest in her pension plan. The judge noted that he considered that both parties worked for the same company and would be entitled to the same pension benefits. The evidence that was admitted as to the pension plans showed that the husband's pension is vested although it will not mature until 1987; that the wife's pension is not vested since she had not accrued 10 years of service. The pension plan is noncontributory.

■■■ We agree with the reasoning of the courts that have treated pension rights, whether matured, vested or nonvested, contributory or noncontributory, as "property" under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503). (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 662.) And we further agree that any part of such pension plan which is earned during the marriage is marital property, the amount included as marital property being the present value of the pension interest, taking into account the total time during which the benefits were accumulated prior to the divorce, as against the total time span of the marriage during which benefits were being accumulated. *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 663. See also *In re Marriage of Musser* (1979), 70 Ill. App. 3d 706, 709.

Here the wife made an offer of proof to determine by actuarial evidence the present value of the husband's pension rights, which the court denied. As a part of the offer of proof, a pamphlet of the Bell Company which showed projected retirement benefits based on the husband's retirement at various ages was attached. While no testimony was received as to the wife's possible retirement benefits, it is apparent that the valuation of her pension rights would be grossly disparate compared to that of the husband. The judge therefore erred in treating them as equal in value for the purpose of marital division.

Before the entry of the decree, the wife filed a motion with the trial court stating that the husband had deposited $18,000 in his credit union account soon after the trial. The court denied the motion, stating that it did not find the evidence sufficient to warrant a new trial. On remand of the case the trial court will, of course, take evidence to determine whether or not the $18,000 is "new" money or whether it is a transfer from other accounts which were considered in the property division.

The wife has also argued that she should be given a larger share of the

marital property based on the factors set forth in section 503 of the Act. Because the property division is being reversed, we do not address her general contentions regarding the allocation of marital property. On remand the trial court should take evidence of the present value of the parties' pension plans. With the value of all the marital property in evidence, the court should then divide the marital property in accordance with the factors set forth in section 503, paying particular attention to the Illinois Supreme Court's opinion in *In re Marriage of Aschwanden* (1979), 82 Ill. 2d 31, 36-38.

We therefore reverse the portion of the judgment from which the appeal has been taken and remand the cause to the trial court to take further evidence in accordance with this opinion.

Reversed and remanded with directions.

REINHARD and LINDBERG, JJ., concur.