MOSER, APPELLEE, *v.* MOSER, APPELLANT.

(No. 3241—Decided March 10, 1982.)

*Mr. Joseph A. Ujhelyi,* for appellee.
*Mr. Joseph C. Zieba,* for appellant.

*Per Curiam.* The plaintiff-appellee, William E. Moser, filed a complaint for divorce against the defendant-appellant,

Maxine Moser, on March 21, 1979, alleging as his grounds for divorce that defendant was guilty of gross neglect of duty and extreme cruelty. The defendant answered and counterclaimed alleging gross neglect of duty and extreme cruelty on the part of the plaintiff.

The trial court granted the plaintiff a divorce on the ground of adultery (R.C. 3105.01 [C]) and ordered a division of the marital assets of the parties. The defendant was not granted any sustenance alimony.

In this appeal the defendant asserts four assignments of error:

"I. The court erred to the prejudice of the defendant in refusing to grant the defendant's motion for a directed verdict and a dismissal of the complaint of the plaintiff.

"II. The court erred as a matter of law and to the prejudice of the defendant in granting judgment for divorce to plaintiff on grounds of adultery.

"III. The court erred as a matter of law to the prejudice of the defendant in failing to grant judgment for divorce to defendant on grounds of extreme cruelty and adultery.

"IV. The court committed prejudicial error and abused its discretion in that the division of property and award of alimony to the defendant is grossly inadequate, against the manifest weight of the evidence and is contrary to law, each hereof being a separate ground."

The first three assignments of error are intertwined and will be considered together.

Defendant argues that the complaint should have been dismissed because the evidence offered by plaintiff relative to the allegations of gross neglect of duty and extreme cruelty on the part of the defendant was neither sustained nor corroborated as required by Civ. R. 75(L), and that the evidence relating to adultery was likewise uncorroborated. Since the divorce was not granted on the grounds alleged in the complaint, we need not discuss defendant's arguments in this regard. In light of the record before us, however, including the testimony of the defendant pertaining to her relationship with Mr. Marvin, we conclude that there is sufficient corroboration of the plaintiff's evidence re adultery.

Defendant's contention that plaintiff should have amended his complaint to allege adultery is without merit. The evidence relative to adultery was admitted without objection. Under such circumstances and pursuant to Civ. R. 15(B), failure to amend does not affect the trial of issue. The evidence is treated as if it had been raised by the pleadings whether the pleadings are amended to include such evidence or not. See Staff Note to Civ. R. 15(B).

Defendant contends she should be granted a divorce on the grounds of extreme cruelty and adultery. In its judgment entry the court dismissed the defendant's counterclaim. While the record indicates that the plaintiff may also have been guilty of infidelity the trial judge who saw and heard the witnesses could properly conclude that these allegations had not been proven and accordingly, we find no error in the dismissal of the counterclaim.

Defendant contends that the trial court erred in denying her sustenance alimony. The trial court found, and the record supports, that the defendant is physically capable of working and supporting herself as a cosmetologist. Hence, we find no error in the court's failure to award sustenance alimony.

Defendant further contends the share of the marital assets awarded her was grossly inadequate. Both parties rely on the case of Cherry v. Cherry (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], relative to the resolution of this issue. The syllabus of Cherry provides:

"1. There is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather, a potentially equal division should

be the starting point of the trial court's analysis before it considers the factors listed in R.C. 3105.18 and all other relevant factors. (*Wolfe* v. *Wolfe,* 46 Ohio St. 2d 399 [75 O.O.2d 474], explained.)

"2. A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion."

On August 1, 1982, the plaintiff will have worked at the Ford Motor Company for thirty years. On that date, if he retires, he would be eligible to receive $1,350 per month without a survivor benefit. If he opted for a survivor benefit his monthly benefit would approximate $1,300 and that of his survivor beneficiary $533 per month. At age sixty-two and sixty-five respectively, the award would be adjusted slightly downward because of Social Security supplements. If, however, the plaintiff works beyond August 1, 1982, as he now anticipates, his pension will be enhanced substantially. As of December 31, 1980, the plaintiff had contributed $13,723 plus accumulated interest toward his pension. If the plaintiff should die prior to going on pension insurance benefits of substantial amounts would be paid to his beneficiary.

Testimony of record which was uncontroverted establishes that the present value of plaintiff's pension is somewhere between $142,000 and $158,000. The trial judge in dividing the marital assets of the parties determined that the value of the pension as a marital asset was $14,000, an amount $2,000 less than the annual income therefrom if plaintiff were to retire on August 1, 1982. The defendant contends that the trial court erred in making such a determination.

We note that over the years of marriage the parties have accumulated substantial assets by their joint efforts and that the division thereof by the trial court, with the exception of the present value of the pension have been fairly distributed in accordance with the rationale of *Cherry* v. *Cherry, supra,* and R.C. 3105.18(B). We believe, however, that the trial court abused its discretion in determining that the present value of plaintiff's pension was only $14,000 and that said determination is against the manifest weight of the evidence.

R.C. 3105.18(B) requires that a court in determining the nature and amount of alimony whether as a division of the marital assets or for sustenance and support "shall consider all relevant factors," among which is: "(3) [t]he retirement benefits of the parties." While it is true the court did consider this factor in dividing the marital assets, in our judgment the value placed on this marital asset by the court was against the manifest weight of the evidence. Under such circumstances a reviewing court may either modify or reverse the property division. *Cherry* v. *Cherry, supra.* Accordingly, we reverse that portion of the order relating to the division of the marital assets and remand the cause to the trial court for further proceedings and a reevaluation of the plaintiff's pension program as a marital asset.

The judgment is reversed and the cause is remanded.

*Judgment accordingly.*

VICTOR, P.J., MAHONEY and QUILLIN, JJ., concur.