BOHNLEIN *v.* BOHNLEIN.

(No. DR 83-4-57—Decided September 23, 1983.)

Court of Common Pleas of
Van Wert County.

*Mr. Charles F. Kennedy III,* for plaintiff.

*Messrs. Koch, Koch & Keister* and *Mr. Stephen E. Keister,* for defendant.

WALTERS, J■ This matter came on to be heard upon the complaint of the plaintiff, Debra K. Bohnlein, for a divorce, the stipulations and the evidence, the defendant, Mark A. Bohnlein, being in default for an answer, but appearing in the action.

The parties have stipulated that the assets owned by the parties consist of property with a gross valuation of $45,636 with encumbrances of $6,866.90, leaving a net value of $38,769.10. The evidence shows, in addition, that the defendant owns a profit-sharing and pension plan with his employer, Aeroquip Corp., with a present value of $35,780.47. This plan is fully vested in the defendant and is available to defendant in lump sum upon termination of his employment or upon retirement and is subject to no contingencies.

The question has been presented whether the defendant's interest in the profit-sharing and pension plan constitutes a marital asset subject to division by the court in a divorce action.

Since 1974, R.C. 3105.18 has provided specifically that the court may allow alimony as it deems reasonable to either party, and that such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable in gross or by installments as the court deems equitable. The Revised Code further enumerates mandatory considerations for the court in determining the necessity, nature, amount and manner of payment. The Revised Code fails to specifically deal with the authority of the court to divide marital assets, however. That function has been assumed in case law if the division is made pursuant to an award of alimony. *Soyk* v. *Soyk* (1975), 45 Ohio App. 2d 319 [74 O.O.2d 532]; *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474].

The court has therefore considered the relevant factors recited in R.C. 3105.18(B) and finds that a court-ordered division of property would be proper in this case as an award of alimony to the plaintiff.

The question of whether a party's pension and profit-sharing rights constitute a marital asset subject to such distribution has apparently never been answered in a reported opinion in Ohio. However, there are a vast number of decisions on this point from various other jurisdictions which merit some attention. Courts of other jurisdictions are almost unanimous in their holdings that in a divorce action, an employee-spouse's contractual rights to a pension or profit-sharing plan constitute marital property which should be divided between the

spouses. This court is unconvinced as to any reason why a different result should be had in Ohio as it relates to amounts that are vested and matured. *Kabaci v. Kabaci* (Ala. Civ. App. 1979), 373 So. 2d 1144; *Husband B. v. Wife B.* (Del. Super. 1978), 396 A. 2d 169; *In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 397 N.E. 2d 511; *Hiscox v. Hiscox* (Ind. App. 1979), 385 N.E. 2d 1166; *Tigner v. Tigner* (1979), 90 Mich. App. 787, 282 N.W. 2d 481; *Kuchta v. Kuchta* (Mo. 1982), 636 S.W. 2d 663; *Kullbom v. Kullbom* (1981), 209 Neb. 145, 306 N.W. 2d 844; *Kikkert v. Kikkert* (1981), 177 N.J. Super. 471, 427 A. 2d 76; *In re Marriage of Vinson* (1980), 48 Ore. App. 283, 616 P. 2d 1180; *Walker v. Walker* (Tex. Civ. App. 1980), 608 S.W. 2d 326; *Selchert v. Selchert* (1979), 90 Wis. 2d 1, 280 N.W. 2d 293.

Those courts with legislation comparative to R.C. 3105.18 have almost without exception held that vested pension or profit-sharing interests earned during marriage should be included among the property divided between the spouses upon divorce. The rationale for these decisions is that pension or profit-sharing payments are deferred compensation earned during the marriage and, therefore, the right to such payments should be treated as property acquired during the marriage.

Since one of the relevant considerations of R.C. 3105.18(B) is "[t]he contribution of a spouse as homemaker," which is similar to the concept that property earned during the marriage is community property because it is acquired by the labor and industry of members of a form of partnership, that is, a marital partnership, and whatever is earned or gained by one marital partner during the existence of the marital partnership must accrue to the benefit of both partners (deFuniak & Vaughn, Principles of Common Property [2 Ed. 1971], at 128), it is important to note that community property states likewise have held that vested pension or profit-sharing interests are community property subject to division in divorce proceedings. *In re Marriage of Gillmore* (1981), 29 Cal. 3d 418, 174 Cal. Rptr. 493, 629 P. 2d 1; *Van Loan v. Van Loan* (1977), 116 Ariz. 272, 569 P. 2d 214; *Copeland v. Copeland* (1978), 91 N.M. 409, 575 P. 2d 99. This analogy is made more pertinent to our consideration here with the statement of the Supreme Court in *Wolfe, supra,* at 413: "The court must approach the proceeding much like a suit in partition or an action to dissolve, windup and distribute the assets of a partnership."

The evidence presented in this case shows that the pension and profit-sharing plan owned by defendant had a present value of $35,780.47 which is fully vested; that plaintiff and defendant have been married and living together for approximately one hundred fifteen months while such pension benefits were accruing; and that defendant accrued approximately twenty-three months of benefits prior to marriage. Therefore, the court finds that 83.33 percent (one hundred fifteen divided by one hundred thirty-eight) of the present value of defendant's pension and profit-sharing benefits is a marital asset subject to division by this court. This figure is $29,815.86. * * *

*Judgment accordingly.*