ALEXANDER, APPELLANT, *v.*
ALEXANDER, APPELLEE.

(No. 84AP-730—Decided June 4, 1985.)

*Cloppert, Portman, Sauter & Latanick* and *Susanne R. Blatt,* for appellant.

*Gary P. Price,* for appellee.

CONNORS, J. This cause comes on appeal from a decision of the Franklin County Common Pleas Court, Division of Domestic Relations, denying appellant's motion for relief from judgment pursuant to Civ. R. 60(B). Appellant, Mariam J. Alexander, sought to set aside a divorce decree filed on May 12, 1982. The basis for said request was a retroactive change in the substantive law with regard to the division of appellee's military retirement pension benefits. See Section 1408, Title 10, U.S. Code.

From the trial court's denial of Civ. R. 60(B) relief, appellant sets forth three assignments of error:

"1. The trial court erred in finding that federal law enunciated in *McCarty* v. *McCarty,* 453 U.S. 210 (1981) did not preempt Ohio law so as to preclude division of military retirement benefits as marital property at the time of the parties' divorce.

"2. The trial court erred in finding that Ohio property law, with respect to division of military retirement benefits, remained constant during the time of the *McCarty* decision, the parties' divorce decree, and passage of 10 U.S.C. Section 1408.

"3. The trial court erred in finding that plaintiff-appellant was not entitled

to Rule 60(B) relief from judgment after the enactment of 10 U.S.C. Section 1408 conferred upon state courts power to divide military retirement benefits even in any divorce case heard since the date of the *McCarty* decision."

All three assignments of error will be dealt with simultaneously as they raise similar issues of law and fact. An examination of the trial record shows that appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B)(4) and (5). The relief sought can be obtained by motion pursuant to Civ. R. 60(B) or 75(I). *McKinnon* v. *McKinnon* (1983), 9 Ohio App. 3d 220. However, in electing to seek relief pursuant to Civ. R. 60(B), appellant cannot rely on the "catch-all" provision of Civ. R. 60(B)(5) when a more specific section is appropriate. *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64. In the instant case, the provisions of Civ. R. 60(B)(4) specifically apply as set forth in the syllabus of *Old Phoenix Natl. Bank* v. *Sandler* (1984), 14 Ohio App. 3d 12:

"Relief from judgment under Civ. R. 60(B)(4) must be warranted by events occurring subsequent to the entry of the judgment in question, *i.e.*, events occurring prior to the entry of the judgment cannot be relied upon as grounds to vacate the judgment pursuant to Civ. R. 60(B)(4); however, events occurring prior to the entry of the judgment may be the basis for vacating the judgment under some other section of Civ. R. 60(B)."

The relief sought via Civ. R. 60(B)(4) is that which would vacate a judgment allegedly rendered inequitable by subsequent events. *Wurzelbacher* v. *Kroeger* (1974), 40 Ohio St. 2d 90 [69 O.O.2d 440].

The basis for vacation of the prior divorce decree is the substantive changes in the law with regard to divisibility of military retirement benefits. At the time of the challenged divorce decree, the United States Supreme Court held that military retirement benefits were not divisible as community property. *McCarty* v. *McCarty* (1981), 453 U.S. 210, 223. It must be noted that *McCarty* dealt with an attempted division in a property settlement and that the Supreme Court noted the inequality of its holding stating:

"We recognize that the plight of an ex-spouse of a retired service member is often a serious one. * * * Nonetheless, Congress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone. We very recently have re-emphasized that in no area has the Court accorded Congress greater deference than in the conduct and control of military affairs. * * *" *Id.* at 235-236.

Case law subsequent to the *McCarty* decision reflects adherence to the non-divisibility standard for military retirement benefits. *Ridgway* v. *Ridgway* (1981), 454 U.S. 46; *Erspan* v. *Badgett* (C.A. 5, 1981), 659 F. 2d 26; *Chase* v. *Chase* (Alaska 1983), 662 P. 2d 944. Thus, at the time of appellant's agreed judgment entry and divorce decree, appellee's military benefits were not available for division by the trial court.

Congress enacted the Department of Defense Authorization Act, which included Title X, the Uniformed Services Former Spouses' Protection Act (USFSPA), Pub. Law 97-252, Section 1002(a) (amending Section 1408[c][1], Title 10, U.S. Code), effective February 1, 1983. Section 1408(c)(1) provides for the treatment of military retirement benefits pursuant to state law beginning June 25, 1981, the date of the decision in *McCarty, supra.* Thus, appellant claims that the divisibility of military retirement benefits, not considered in the original divorce decree, renders that judgment inequitable and unjust.

We disagree. Appellant has clearly

set forth a substantive and subsequent change in the law of military benefits from the date of her divorce decree. However, beyond the ability of the trial court to now order an actual division of the retirement benefits, there is little evidence of the divorce decree's unjust operation.

The divorce decree of May 12, 1982 dealt solely with the property settlement and not support alimony. Yet the provisions of R.C. 3105.18 apply equally to both distributions. R.C. 3105.18 states:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including:

"* * *

"(3) The retirement benefits of the parties;

"* * *

"(9) The relative assets and liabilities of the parties; * * *."

Clearly, the trial court must consider all elements set forth in R.C. 3105.18. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318]. Appellant contends that the decision in *McCarty, supra,* by prohibiting the division of military retirement benefits, preempted the trial court's right to consider

said benefits in a property settlement. The difference between a trial court's power to divide property and the trial court's duty to consider a party's property in an adjudicatory disposition is one of substantial import.[1] In the instant case, appellant has not shown that the distinction between the two terms has merged to create inequity.

An examination of the record and divorce decree establishes that a substantial amount of property was allocated between the two parties. The decree, an agreed judgment entry, distributed numerous assets after a full disclosure of all property owned by the two parties. In certain situations, the inability of a court to order the division of retirement benefits might well interfere with the equitable and fair distribution of property. In this case, the inability does not result in an unfair distribution. The trial court could properly consider the military benefits prior to a distribution of property.

The divorce decree was a result of an agreement between the two parties entered into after the trial court had heard evidence for several days; the court reviewed the settlement and granted judgment. The capacity for an inequitable determination is much less than when a trial court must adjudicate a controversy. Appellant cites *Smith* v. *Smith* (Del. Fam. Ct. 1983), 458 A. 2d 711, in support of her cause. In *Smith,* the court stated:

"The Court understands and generally agrees with the argument advanced by counsel for the Husband that, in general, final court orders should only be vacated where the reasons are

---

[1] We endorse the decision of several jurisdictions that properly distinguish between the power to divide property and a trial court's duty to consider a party's assets. See *In re Marriage of Vinson* (1982), 57 Ore. App. 355, 644 P. 2d 635, reversal denied (1982), 293 Ore. 456, 650 P. 2d 928; *In re* *Marriage of Meyer* (1981), 103 Ill. App. 3d 44, 430 N.E. 2d 610. However, we can envision instances where the lack of assets would force a trial court's consideration to merge with a necessary requirement to divide military retirement benefits to achieve an equitable result.

substantial. But in this case the law of Delaware prior to *McCarty* was that all pension rights were to be treated as marital property. *McCarty* had the effect of changing Delaware law by carving out an exception for military pensions only. Congress thereupon, legislatively vacated *McCarty* and clearly indicated an intention that persons who had been wronged by *McCarty* could reopen their cases if permitted under state law." *Id.* at 714.

The above reasoning requires a twofold decision, that the *McCarty* decision altered the law of Ohio and that appellant was wronged by such a change. This is not the case. The purpose of the Uniformed Services Former Spouses' Protection Act, Section 1408, Title 10, U.S. Code, was to remove the effect of the *McCarty* decision. *Smith* at 713. In the cause *sub judice,* the factual elements do not present a situation where the decision in *McCarty, supra,* operated to change Ohio law or harm the future operation of the bargained-for divorce decree. That the trial court recognized this, is evidenced by this excerpt from its decision:

"The law of Ohio never changed during the above described senario [*sic*]. Alimony and division of the property were controlled by Section 3105.18 of the Revised Code of Ohio. It is up to the states to enact laws governing divorce and alimony, not the federal government. This was recognized in the *McCarty* case itself (the only exception being if the state law does harm to a federal interest.) The *McCarty* case did not purport to change the standards by which the Ohio Legislature directed the Courts to determine alimony (which includes division of the property.) It merely prevented the attachment, execution or assignment of a military pension as a division of property. The Court was not prevented from taking the pension into consideration; in fact 3105.18 mandates the Court to conisder [*sic*] this factor along with the other relevant factors in so determining.

"The Court even after *McCarty* could have ordered sustenance alimony to the wife in an amount equal to a percentage of the military pension * * *.

"Congress did not in the enactment of 10 U.S. 1408 change the Ohio law as to relevant factors to be considered in Ohio to determine alimony. The law of Ohio has remained constant since September 23, 1974."

The trial court did not err in finding that the *McCarty* decision, under the facts of this action, did not preempt the operation of R.C. 3105.18, and that Ohio law, upon the specific facts of this action, remained constant in application and did not result in an inequity warranting relief pursuant to Civ. R. 60(B).

On consideration whereof, the decision of the Franklin County Common Pleas Court, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting by assignment in the Tenth Appellate District.