OPINION
Appellant David Medley is appealing the decision of the Licking County Court of Common Pleas, Domestic Relations Division. The following facts give rise to this appeal.
The parties to this appeal, Appellant David Medley and Appellee Teresa Medley were married on October 10, 1992. One child, Misty Ann Medley, was born as issue of the marriage. Appellee also had one son, at the time of the marriage, for whom she was the custodial parent. During the course of the marriage, appellee worked at Owens Corning. Appellant was terminated from his job and the parties agreed appellant would stay home with the children and also attempt to start his own hauling business. This agreement created difficulties in the parties' marriage because appellant spent more time getting his business started as opposed to caring for the two children. On at least two occasions, appellee had to leave work to care for the children.
As a result of these problems, the parties separated in April of 1996. Appellee filed a complaint for divorce on April 17, 1996. The trial court designated appellee residential parent, granted appellee temporary use of a 1986 Ford Econoline van and permitted appellee to reside in the marital residence. On April 24, 1996, appellant filed an answer and counterclaim along with a motion requesting that he be awarded temporary custody of the children.
This matter proceeded to a contested divorce hearing on June 19, 1997. The trial court filed its judgment entry on December 30, 1997. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE COURT ABUSED ITS DISCRETION WHEN IT AWARDED OF (SIC) CUSTODY OF MISTY ANN MEDLEY TO APPELLEE TERESA MEDLEY.
 II. THE COURT ABUSED ITS DISCRETION WHEN IT AWARDED APPELLANT DAVID MEDLEY'S SEPARATE PROPERTY TO THE APPELLEE.
 III. THE COURT ABUSED ITS DISCRETION WHEN IT FAILED TO DIVIDE THE APPELLEE'S PENSION.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT AWARD SPOUSAL SUPPORT TO THE APPELLANT.
 I
Appellant contends, in his first assignment of error, the trial court erred when it awarded custody of the parties' minor child to appellee. We disagree.
Under R.C. 3109.04(F)(1), in determining the best interest of a child, the trial court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; * * *
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
A trial court has considerable discretion in determining the allocation of parental rights and such determination is subject to reversal only upon a showing of abuse of discretion. Miller v.Miller (1988), 37 Ohio St.3d 71. An abuse of discretion connotes more than an error of law or judgment, it implies the trial court's decision was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based upon this standard that we review appellant's first assignment of error.
We find the record supports the trial court's conclusion that appellee should be designated the residential parent of the parties' minor child. Appellee resides in an apartment. Tr. at 74, 244. Testimony at the hearing establishes the minor child has adjusted to the situation, enjoys spending time with her mother and has a close relationship with her half-brother, who is also in appellee's custody. Tr. at 75. This testimony supports the trial court's conclusion that the minor child has adjusted to her home and community.
Under R.C. 3109.04(F)(1)(e), the trial court properly considered appellee's mental health regarding his actions since appellant filed the complaint for divorce. The record establishes that appellant has acted irrationally in dealing with the termination of this marriage. Specifically, the record establishes the trial court held appellant in contempt for failing to permit appellee to use the Ford Econoline van. Appellant then permitted the registration to expire, called the police, removed the tags from the van and physically removed the van from appellee's residence. Tr. at 37-38, 58-60, 238-239.
Appellant also refused to return personal property to appellee's son unless appellee agreed to permit him to be the residential parent of the parties' minor child. Tr. at 42, 43, 73. Appellant also informed the parties' minor child that appellee had made him sick with a sexually transmitted disease. Tr. at 26-28, 108, 120-121.
We also find the trial court did not abuse its discretion when it determined appellee would be the parent more likely to honor and facilitate visitation and companionship rights. Appellant cites to no evidence, on appeal, that indicates appellee would not cooperate with visitation matters. On the contrary, during the pendency of this divorce, appellant's conduct establishes that he is more likely to disobey court orders. At the final hearing, the trial court ordered appellant to return the Ford Econoline van to appellee before returning to court. Tr. at 320. Appellant also refused to return personal property to appellee's son. Tr. at 42, 43, 73. Appellant further conducted himself in front of the parties' minor child in such a way that the police had to be called. Tr. at 34, 65, 97-98, 173-174. Based upon appellant's conduct, we agree with the trial court's conclusion that appellee would be the parent more likely to honor and facilitate visitation.
Finally, we find the record does not support appellant's contention that he was the primary care giver of the parties' minor child. Although the parties agreed that appellant would be the primary care giver, appellant failed to do so. Appellee had to leave work, on two occasions, to care for the children, as appellant was too busy or could not be found. Tr. at 95-96, 184-185. During the last six months of the marriage, appellant relied on the maternal grandmother to watch the children. Tr. at 93, 207, 231-233. Clearly, appellant's conduct establishes that he was not the primary care giver.
Based upon consideration of the above factors and the record, we find the trial court did not abuse its discretion when it designated appellee the residential parent of the parties' minor child.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred when it awarded his separate property to appellee. We disagree.
In support of this assignment of error, appellant refers to the 1986 Ford Econoline van which appellant purchased prior to his marriage to appellee. Appellant maintains the van is separate property and never became marital property. As separate property, appellant contends the trial court should have credited appellant with the value of the van when it awarded the van to appellee.
A review of the trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294. We cannot substitute our judgment for that of the trial court, unless, when considering the totality of circumstances, the trial court abused its discretion. Further, a trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. R.C. 3105.171 is the statute that governs the division of marital property. This statute defines "separate property" as follows:
 (6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
 (ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
Prior to addressing this assignment of error, we note the following statement made by the trial court at page six of the Judgment Decree of Divorce:
 Both parties chose not to present any evidence of the value as to each piece of property for the purposes of equal distribution and the Court therefore finds they have waived such valuation. The Court acknowledges that while the distribution is not precisely equal, it is in fact equitable.
We agree with the trial court's statement concerning waiver of this issue. We further find the record supports the trial court's decision to award appellee the 1986 Ford Econoline van. At the time of the parties' marriage, there existed a substantial indebtedness on the van, which the parties paid off during the marriage. Appellee continued to make payments, on the van, even after appellant was fired from his job. Tr. at 45-46, 48-49, 79, 150-151. Finally, the Judgment Decree of Divorce at page seven indicates the trial court awarded appellant three other vehicles.
Based upon the above evidence and the fact that the parties did not present any evidence regarding the value of their property, we find the trial court did not abuse its discretion when it awarded the 1986 Ford Econoline van to appellee.
Appellant's second assignment of error is overruled.
 III
Appellant contends, in his third assignment of error, the trial court abused its discretion when it failed to divide the appellee's pension. We disagree.
Appellant maintains he had a property interest in a retirement plan appellee had with her employer, Owens Corning. Appellee testified that at the time of her retirement, the plan would be worth approximately $10,000. Tr. at 85. Appellee also testified that she would be vested in the retirement plan after working for Owens Corning for five years. Tr. at 85-86. At the time of the parties' separation, the plan was not vested. Tr. at 85. The plan vested just prior to the final hearing in this matter.
In determining whether an unvested pension is a marital asset, as well as determining its value, a trial court should consider the length of time before it becomes vested; duration of the marriage; contribution of both parties primarily and secondarily to the pension plan; along with the other factors to be used to determine spousal support. Lemon v. Lemon (1988),42 Ohio App.3d 142, 144.
The evidence contained, in the record, supports the trial court's conclusion that appellant was not entitled to any portion of appellee's pension plan. The plan vested just prior to the final hearing in this matter. The parties were only married three and one-half years. Further, as in the second assignment of error, appellant presented no evidence regarding the value of appellant's pension plan. Based upon this evidence, we find the trial court did not abuse its discretion when it failed to divide appellee's pension.
Appellant's third assignment of error is overruled.
 IV
In his final assignment of error, appellant maintains the trial court abused its discretion when it failed to award him spousal support. We disagree.
A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 355. Pursuant to R.C.3105.18(C)(1), trial courts are to consider certain factors in making determinations of spousal support:
Award of spousal support; modification.
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Appellant did not request the trial court to make findings of fact and conclusions of law pursuant to Civ.R. 52. Therefore, we must presume the trial court did consider the above factors.Carman v. Carman (1996), 109 Ohio App.3d 698, 703. Further, the trial court noted, in the Judgment Decree of Divorce at page seven, that it considered the above factors and concluded neither party was entitled to spousal support. Appellant cites to no evidence, in his brief, that would indicate otherwise.
We find the trial court did not abuse its discretion when it failed to award spousal support to appellant
Appellant's fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concurs.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.