BLAIR, APPELLANT, *v.*
BLAIR, APPELLEE.

(Nos. 82AP-1070 and -1071—
Decided September 9, 1983.)

*Jeffrey A. Grossman Co., L.P.A.,* and Mr. *Jeffrey A. Grossman,* for appellant.
Mr. *Norman Frank,* for appellee.

WHITESIDE, P.J. Plaintiff Marie M. Blair appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises a single assignment of error as follows:

"The trial court abused its discretion in failing to award the appellant an equitable share of the retirement accounts."

These cases have been consolidated on appeal as they were in the domestic relations court after the filing of the second action, by which plaintiff sought a divorce from defendant Billie D. Blair. In the earlier action, plaintiff was granted a judgment for alimony only, custody of the parties' minor child, child support of $300 per month and sustenance alimony of $500 per month, with the court reserving for future determination any property-division alimony. By the second action, filed approximately five months after the entering of the alimony-only decree, plaintiff sought a divorce from defendant, and the two actions were consolidated. The trial court granted plaintiff a divorce and entered a decree making a division of

property but making no further reference to custody, child support or sustenance alimony, presumably intending that the alimony-only decree would remain in effect except to the extent modified by the divorce decree, although this was not expressly so stated. If this not be the effect of the decrees and the consolidation of the two cases, there would be a gross abuse of discretion on the part of the trial court, inasmuch as the divorce decree does not adequately address custody, child support and sustenance alimony issues. The parties apparently understand that the alimony decree remains in effect with respect to custody, child support and sustenance alimony, inasmuch as they have addressed only the single issue relating to property-division alimony. In addition, there is an award for child support for the parties' minor child, which presumably will terminate in the near future, if this has not yet occurred.

The parties were married for approximately thirty-three years prior to the divorce and had three children, two of whom were emancipated prior to the alimony-only decree. The third child will attain the age of majority in the near future.

Defendant continued his education during the marriage and obtained a doctorate degree. He has had substantial earnings and has contributed to two separate retirement systems: the Public Employees Retirement System ("PERS") and a federal retirement pension plan. Defendant presently is employed by the USDA Extension Service at a salary of approximately $47,000 per year and could, if he chose to quit work in the near future, receive retirement benefits of approximately $1,100 per month from PERS and $2,242 per month from the federal retirement system. Plaintiff presented expert testimony utilizing these retirement figures to project an annuity value of nearly one million dollars for the two retirement funds. The actual accumulated contributions which defendant could withdraw as a lump sum are approximately $32,000 from PERS and $34,000 from the federal pension system. The divorce decree includes a statement that: "It is further ordered, adjudged and decreed that each party shall retain, free and clear from any claim by the other party, all interest in any retirement fund, system or program, public or private."

Plaintiff's position is somewhat different from that of defendant, inasmuch as she has only worked for a short while, earns only about $13,000 per year as a receptionist and would be entitled to a pension or retirement pay of only approximately $75 per month if she took early retirement.

Plaintiff contends that defendant's pension rights, or at least his accumulated contribution to the pension plans, constitute property subject to division upon divorce, relying upon the Annotation (1979), Pension or Retirement Benefits as Subject to Award of Division by Court in Settlement of Property Rights Between Spouses, 94 A.L.R. 3d 176. That retirement or pension benefits must be considered in connection with an alimony award, whether in property, in gross, or by installments, is mandated by R.C. 3105.18(B)(3). It is clear, however, in this case, that the trial court did consider the matters. Also, as pointed out by defendant, while the trial court awarded him approximately the $66,000 accumulated contributions in his two pension funds, it awarded the parties' residence to plaintiff, together with an additional cash payment of $4,800, which, when added together, tend to offset the accumulated pension contributions. Nevertheless, the trial court did expressly consider pension benefits and awarded each party his own benefits. There is no evidence as to the present value, if any, of plaintiff's accumulated contributions to her pension fund.

We find no abuse of discretion in failing to make a division of property under the circumstances. In fact, a division of

property further than that which was made would be counterproductive for the benefit of both of the parties. At least with respect to PERS and presumably with respect to the federal pension system, accumulated contributions cannot be withdrawn so long as the employee remains employed as a member of the fund, although there is evidence that the making of further contributions into the federal fund is optional. However, if the accumulated contributions are withdrawn, defendant surrenders a very valuable pension-benefit right which, as indicated above, would be over $3,000 per month, so that the withdrawal of accumulated contributions amounts to less than two years of pension benefits. Under these circumstances, it would be unreasonable for a trial court to require defendant to withdraw his accumulated contributions from his pension funds in order to pay a portion thereof to plaintiff as a division of property.

Plaintiff contends that the valuation of the pension funds should be predicated upon the present value of pension rights if exercised, rather than the amount of the accumulated contributions. This is unrealistic, inasmuch as it is impossible to convert such pension rights into cash at the present time. In other words, the pension benefits involved cannot be sold by defendant or otherwise converted into money at the so-called present value. There simply is no asset which can be converted into money at this time, other than the accumulated contributions themselves if they be withdrawn.

An equitable division of property does not require destruction of the value of the property in order that it may be divided at the present time. In other words, plaintiff's evidence indicates that defendant's withdrawing his contributions and receiving the $66,000 accumulated would have the effect of destroying something which has an inchoate value today of approximately one million dollars, assuming that defendant instead retires and receives retirement benefits. The trial court did award the parties' home to plaintiff, and there is evidence that the net value or equity in that home is equal to approximately eighty-five percent of the accumulated contributions in defendant's pension funds. As stated in *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], division of assets need not be equal, it only being required that they be equitable.

The disparity in pension will become more meaningful and significant when the parties both retire. At that time, there could be such a disparity in income that a modification of the sustenance alimony award, originally made as part of the alimony-only award but continued in effect, would be warranted in order to effect a more equitable adjustment. No contention has been made that the sustenance alimony award is presently inadequate.

There is nothing in the divorce decree precluding future modification of the sustenance alimony award in the event there are changed circumstances and a change at that time is warranted by the then-existing circumstances. However, R.C. 3105.18(B)(1) provides that one relevant factor is "earning abilities of the parties," rather than actual earnings of the parties.

Here, among the major assets for the protection of the future sustenance of both parties are the two pension funds of defendant. Such pension-benefit rights assure an adequate income to defendant for his lifetime and also provide a form of protection for plaintiff by furnishing a source of income from which sustenance alimony may be paid in such amount as may be determined from time to time to be necessary and reasonable in accordance with R.C. 3105.18.

Our conclusions are consistent with *Moser* v. *Moser* (1982), 5 Ohio App. 3d 193, which did not involve sustenance alimony but held it to be improper under the circumstances to value pension rights

solely on the basis of accumulated contributions.

Under the circumstances presented by the record, we are unable to find any abuse of discretion on the part of the trial court in failing to make at this time a specific division of the retirement funds or potential retirement benefits, it being appropriate that such determination be deferred until retirement and then made in connection with consideration of a motion to modify sustenance alimony.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

MOYER and NORRIS, JJ., concur.