PACHT, APPELLEE, *v.* JADD, APPELLANT.

(No. 82AP-848—Decided
December 29, 1983.)

*Mr. Thomas E. Friedman,* for appellee.

*Mr. E. William Butler,* for appellant.

MOYER, J. This case is before us on the appeal of defendant-appellant, Melissa Jadd, from a judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, awarding defendant a divorce from plaintiff-appellee, Eric R. Pacht, dividing the parties' property, and denying defendant's request for alimony.

The parties were married on April 5, 1975, while they were both in their third year of college. Plaintiff graduated from college in June 1976 and began medical school the next fall. Defendant graduated from college in December 1979 with a bachelor's degree in elementary education and a teaching certificate.

In June 1980, plaintiff graduated from medical school and the parties moved to Columbus where the plaintiff began his medical residency. Defendant was unable to find a teaching position in the Columbus area. Plaintiff received his license to practice medicine on July 1, 1981, and separated from defendant the following month.

The trial court adopted the plaintiff's findings of fact and conclusions of law, thereby finding, *inter alia,* that, although the parties were married for six-and-one-half years, the parties' parents were their major means of support and the parties acquired virtually no tangible assets during their marriage; that plaintiff's medical license and defendant's teaching certificate were the only marital assets; that, due to the substantial loans made by the parties' parents, the marital assets actually had a negative value; and that an award of alimony was not necessary.

Defendant raises the following three assignments of error in support of her appeal:

"I. The Court erred as a matter of law in its failure to value what it recognized to be the sole significant assets of the marriage, namely, the professional educations and licenses of the parties, and to include the value of those assets in its determination of alimony/property division.

"II. The Court erred as a matter of law in restricting its consideration of the factors listed in 3105.18 R.C. solely to the question of the necessity of sustenance alimony ignoring, thereby, the consideration of the equitable necessity of an award of alimony/property division.

"III. The Court abused its discretion by incorporating in its Findings of Facts figures for contributions of the parties

which were never offered into evidence and which were contrary to the figures which were stipulated by the parties."

Defendant's second assignment of error will be considered first. Defendant argues that the trial court properly considered plaintiff's license to practice medicine and defendant's teaching certificate in determining not to award sustenance alimony but that the trial court failed to consider the license and certificate when it divided the parties' property. Since defendant concedes that the denial of sustenance alimony was proper, our discussion concerns only the property division.

The Ohio Supreme Court has recognized that both awards for sustenance and awards dividing the marital property are "readjustments of the part[ies]' property rights" regardless of what the awards are called. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 411 [75 O.O.2d 474]. See, also, *DeMilo* v. *Watson* (1957), 166 Ohio St. 433, 436 [2 O.O.2d 433]. Although some courts and practitioners have used and continue to use the term "alimony" to mean sustenance and support alimony and the term "property division" as a category separate from alimony, it is now clear that property-division alimony and sustenance alimony are both types of alimony. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 352 [20 O.O.3d 318].

Since both types of awards are alimony awards, the trial court must consider the eleven factors listed in R.C. 3105.18(B) in deciding whether to award either or both types of alimony to one of the parties. R.C. 3105.18(B) reads as follows:

"In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

Although all of these factors must be considered by the trial court when it decides whether to award sustenance alimony or property-division alimony, the trial court cannot consider whether sustenance alimony is needed until after it makes a division of the parties' property. *Wolfe* v. *Wolfe, supra,* at 414. Thus, the trial court's first step should be to consider all eleven factors found in R.C. 3105.18(B) in equitably dividing the parties' property. In making the division, "a potentially equal division should be the starting point of analysis for the trial court" and the court may then vary the amount awarded to each party by considering the factors set forth in R.C. 3105.18(B) and all other relevant factors. *Cherry* v. *Cherry, supra,* at 355 and paragraph one of the syllabus.

In the present case, the trial court, in its decision, recognized that there are two types of alimony and proceeded to specifically consider each factor listed in R.C. 3105.18(B). The court expressly mentioned each factor and concluded that defendant should be awarded certain household furnishings, that each party should retain his or her personal property and effects and should be solely liable for

his or her respective debts, that the remainder of the household furnishings should be divided equally, that each party should keep the car which was in his or her possession, and that an award of alimony, *i.e.,* sustenance alimony, was unnecessary.

Thus, it appears from the trial court's decision that the trial court considered all of the factors listed in R.C. 3105.18(B) and all of the pertinent facts presented by this case both in connection with its division of the property and with its denial of sustenance alimony. Defendant's second assignment of error, alleging that the trial court considered the eleven factors only in connection with sustenance alimony, is overruled.

Defendant claims in her first assignment of error that the trial court erred in failing to place a monetary value on the plaintiff's medical license and her teaching certificate and in failing to consider the value of those assets as divisible marital property. Defendant offered the testimony of an Ohio State University economics professor who placed a present-day value on plaintiff's medical degree of approximately $1,500,000 and a present-day value on defendant's teaching certificate of approximately $325,000. However, it became clear on cross-examination that the professor's opinion with respect to the value of plaintiff's medical degree was subject to numerous variables that the expert witness was unable to relate specifically to plaintiff's circumstance.

The trial court appears to have given consideration to the licenses under three parts of the statute: under R.C. 3105.18 (B)(1), regarding the parties' relative earning abilities; under R.C. 3105.18(B) (8), when it considered the parties' education; and under R.C. 3105.18(B)(9), regarding the parties' relative assets and liabilities. It is the trial court's consideration of the professional degrees and licenses under R.C. 3105.18(B)(9) which is the subject of this assignment of error.

Defendant claims that their licenses are assets, and that the trial court erred in failing to determine the present value of the licenses and in failing to include their value in its division of property. In essence, defendant argues that, since the value of plaintiff's medical license is greater than the value of her teaching certificate, she should have been awarded additional property to compensate for the fact that plaintiff retains his license.

Although the Supreme Court has not yet considered this issue, the emerging rule in Ohio and in foreign jurisdictions appears to be that a professional degree and license are not factors to be considered as divisible marital assets (property acquired during marriage by the joint efforts of husband and wife). They, therefore, should not be considered under R.C. 3105.18(B)(9). Rather, the degree and license should be considered only as the trial court applies R.C. 3105.18(B)(1), (4) and (8). To the extent that the trial court is required to consider all eleven factors in R.C. 3105.18(B) when making either a property division or sustenance alimony award (*Cherry* v. *Cherry, supra*), the trial court may consider the professional degree and license as an element of the parties' earning capacity, education or possibly as an expectancy in determining the total financial condition of the parties when dividing what are truly marital assets. However, we observe that, in this case, as in most, the earning ability of the parties is more pertinent to a consideration of sustenance alimony than it is to the division of property.

In so holding, we are in accord with *Lira* v. *Lira* (1980), 68 Ohio App. 2d 164 [22 O.O.3d 231] and *Daniels* v. *Daniels* (App. 1961), 90 Ohio Law Abs. 161 [20 O.O.2d 458], and in conflict with *West* v. *West* (June 23, 1978), Montgomery App. No. 5830, unreported. The reason for the majority rule is that a professional degree is a personal asset that cannot be sold, assigned or even given away. It is impossible for a finder of fact to place upon

such an asset a present-day or, indeed, even a future value because there are no objective standards by which to value an asset that is so personal to its owner. See, also, and compare, Annotation (1981), 4 A.L.R. 4th 1294; Moore, Should a Professional Degree be Considered a Marital Asset Upon Divorce? (1982), 15 Akron L.Rev. 543.

This conclusion is consistent with this court's decision in *Blair* v. *Blair* (1983), 11 Ohio App. 3d 117. In *Blair,* we held that the trial court did not abuse its discretion by failing to award a portion of the husband's retirement accounts to the wife. The trial court considered the parties' retirement accounts under R.C. 3105.18(B)(3), but, since the husband had not yet retired, we held that there was no asset which could have been converted into money at the time of trial and it would have been inequitable to order the husband to withdraw his accumulated contributions to the retirement accounts early, at a substantial penalty, in order to pay a larger amount to the wife as a division of property. Plaintiff's medical license is similar to the retirement accounts to the extent that it is not an asset which could have been converted into money at the time of the trial.

Although the trial court appears to have considered the medical license and teaching certificate as marital assets, it disposed of them with the following finding:

"(9) 'The relative assets and liabilities of the parties.' The assets of the parties arising out of the marriage are few, but in each case the educational degrees and corresponding certificates represent marital assets, against which must be recognized the substantial debts to the respective parents."

In addition to considering the licenses in connection with the parties' relative education and future earning abilities, the trial court appears to have declined to assign to the license and certificate specific monetary values. Actually, it is not clear whether the trial court merely considered the license and certificate as factors having a bearing on the division of the parties' property, but refused to assign them a value, or whether the trial court decided that, since the parties had so many outstanding loans offsetting the value of the license and certificate, the license and certificate had specific monetary values which were negative monetary values. Since the trial court's judgment does not have the effect of dividing the parties' degrees as part of the property settlement, we are unable to hold that the trial court abused its discretion in dividing the marital property as it did. Although we hold that the trial court may not consider a professional license as a divisible marital asset under R.C. 3105.18(B)(9), we cannot reverse the trial court's judgment absent a finding that the trial court abused its discretion or that defendant was prejudiced by any error the trial court may have committed. *Cherry* v. *Cherry, supra,* paragraph two of the syllabus. Accordingly, defendant's first assignment of error is overruled.

In her third assignment of error, defendant complains that the trial court ignored a stipulation that the parties purportedly made concerning financial contributions to the marriage by the parties and their parents. According to the stipulation, of the $81,700 "put into the marriage * * * $31,000 came through the wife and $50,700 came * * * through the husband."

Defendant argues that the trial court's findings of fact establish that the trial court credited her with an amount less than that stipulated, with the result that her contribution to the total was reduced from thirty-eight percent to only twenty percent. She then contends that this reduced percentage may have had a bearing on the trial court's disposition of the sustenance-alimony and division-of-property issues.

Even if the trial court erred in disregarding a stipulation of fact, that error would not have prejudiced defendant's cause, in view of our disposition of the

first and second assignments of error. Presumably, defendant would have had the trial court apply the percentage contributions of the parties when dividing marital property. Since the medical license was not to be considered marital property subject to division, and there was nothing left of the $81,700 and the only marital property had a negative value when balanced against debt, it makes little difference whether defendant's contribution was thirty-eight percent or twenty percent. In addition, the trial court's denial of sustenance alimony was based upon defendant's lack of need. Accordingly, the stipulated facts had no relevance to that determination.

Accordingly, the third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and NORRIS, J., concur.