RALSTON, Appellee and Cross-Appellant,

v.

RALSTON, Appellant and Cross-Appellee.

[Cite as *Ralston v. Ralston* (1989), 61 Ohio App.3d 346.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–880159, C–880179.

Decided March 15, 1989.

*William A. Busemeyer,* for appellee and cross-appellant.

*Katz, Greenberger, Zied, Katz & Norton* and *Louis H. Katz,* for appellant and cross-appellee.

*Per Curiam.*

On January 24, 1986, plaintiff-appellee and cross-appellant, Carol S. Ralston, filed a complaint for divorce alleging gross neglect of duty and extreme cruelty against her husband of twenty-one years, defendant-appellant and cross-appellee, Edward J. Ralston.

The record indicates that three children were born of the marriage and that one of the couple's children was unemancipated at the time of the proceedings below. The custody of the minor was not at issue and appellee received custody.

At the time of the divorce, appellant was age sixty-nine, was retired, and was receiving $735 per month from social security and $751 per month from an iron worker's pension. Appellee was then age forty-four, worked full-time as a licensed practical nurse and earned $8.74 per hour. Appellee received $398 per month from Social Security, $299 of which was designated for the minor child.

The couple stipulated that the value of the marital residence was $70,000. Appellee sought child support while appellant requested alimony. Appellant additionally sought to have $10,000 which was received from the sale of a business in 1969 declared nonmarital property.

In a January 1, 1987 report, the referee found that appellant's pension had a present value of $68,954 and recommended that appellant be awarded his pension plan "free and clear of any claim of the wife, in lieu of any alimony claim or claim to the non-marital $10,000." The referee also recommended that child support not be ordered and that the residence be awarded to appellee, provided that she pay $35,000 to appellant within three years.

Both parties objected to the report. A hearing was conducted and the matter was remanded to the referee for further consideration regarding the alimony and pension plan issues.

A second referee's report recommended that the payments to appellant for his interest in the marital residence be reduced from $35,000 to $20,000. The parties again filed objections which were overruled by the trial court. A divorce decree was then granted. Both parties appealed, and we have consolidated the appeals for hearing and decision.

▮ In his first assignment of error, appellant attacks the reasonableness of the trial court's property division regarding the couple's two major assets— the marital residence and appellant's pension benefits. For the reasons that follow, we find that the trial court abused its discretion in arriving at the property division *sub judice.*

The pension benefits received by appellant consist of a monthly check in the amount of $751. Although appellee's actuary testified that the benefits had a present value of $68,954, the plan does not provide for any type of lump-sum payment to appellant or for death benefits to his beneficiaries. Thus, unlike the marital residence awarded to appellee, the pension benefits involved cannot be sold by appellant or otherwise converted into property at the present value. Furthermore, the record indicates that appellant is seventy-one years old. The ultimate amount appellant will obtain from the $751 per-month benefits is speculative; however, it will most likely be far less than the actuarial figure.

While the record indicates that the trial court equitably divided the couple's other assets, its distribution of the residence and pension benefits was inequitable and resulted in a property division which, viewed in its entirety, was an abuse of discretion. See *Blair v. Blair* (1983), 11 Ohio App.3d 117, 11 OBR 171, 463 N.E.2d 423; *Smith v. Smith* (Mar. 23, 1987), Butler App. No. CA86–08–124, unreported, 1987 WL 8233. Appellant's first assignment of error is sustained.

■ Appellant's second assignment of error essentially contends that the trial court erred by not awarding him alimony. We disagree.

■ Alimony is comprised of two components under Ohio law: a division of marital assets and liabilities, and periodic payments for sustenance and support. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 352, 20 O.O.3d 318, 321, 421 N.E.2d 1293, 1297. After the division of property is made, the trial court may consider (1) whether an additional amount is needed for sustenance and (2) the duration of such necessity. *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 414, 75 O.O.2d 474, 482, 350 N.E.2d 413, 423. Sustenance alimony is based on need, and the trial court must have latitude to examine all the evidence before it awards an amount that is reasonable and equitable to both parties. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197.

Appellant's argument that the relative earning abilities of the parties is disparate has merit. However, the record does not establish that appellant is in "need" of sustenance alimony. As noted *supra,* appellant receives $735 per month from Social Security and $751 per month in pension benefits. Additionally, appellant is not obligated to pay child support for the parties' minor child. In light of such facts we cannot say, as a matter of law, that the trial court's failure to award appellant alimony was an unreasonable, arbitrary or unconscionable act. See *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Appellant's second assignment of error is overruled.

We now turn to the three assignments of error advanced in appellee's cross-appeal. Appellee's first assignment of error asserts that the trial court failed to divide equitably the marital assets and "demands" that we delete from the divorce decree the order that she pay $20,000 to appellant for his interest in the marital residence.

The question of the fairness of the property division has already been entertained and resolved. For the reasons stated under appellant's first assignment of error, we have determined that the trial court's distribution of the marital assets was inequitable to the detriment of appellant, not appellee. Further discussion of this issue is unwarranted.

Appellee's second assignment of error alleges that the trial court erred by not ordering appellant to pay child support. We disagree and find that the trial court's decision was not unreasonable, arbitrary or unconscionable in light of the fact that appellee is retired and surviving financially on Social Security and pension benefits. The court's decision was within the purview of R.C. 3109.05 and did not constitute an abuse of discretion. See *Blakemore, supra.* Appellee's second assignment of error is overruled.

The third assignment of error advanced by appellee asserts the trial court erred by failing to award attorney fees to her. The facts of the case do not support this argument, as the record illustrates that appellee has ample resources to pay the fees. Accordingly, the lower court did not abuse its discretion and appellee's third assignment of error is overruled.

The trial court's judgment as it relates to the property division is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this decision and law; in all other respects the judgment is affirmed.

*Judgment accordingly.*

HILDEBRANDT, P.J., KLUSMEIER and DOAN, JJ., concur.