POWELL, APPELLEE, *v.*
POWELL, APPELLANT.

(No. L-88-265—Decided July 21, 1989.)

*George Royer,* for appellee.
*Gregg Hickman,* for appellant.

ABOOD, J. This is an appeal of a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, granting both parties a decree of divorce and ordering, *inter alia,* future distribution of defendant-appellant Renee Powell's share of plaintiff-appellee Daniel Powell's pension plan pursuant to a qualified domestic relations order ("QDRO").

Although appellant did not separately set forth any assignment of error as provided for in App. R. 16, she asserts, essentially, that the trial court erred in awarding to her a proportionate share of appellee's pension plan pursuant to a QDRO, whereby she will not receive her share until the benefits are collectible by appellee. Appellant

argues that the trial court abused its discretion by ordering a QDRO instead of awarding to her, immediately, one half of the present value of the pension payable in three annual installments.

The undisputed facts that are relevant to the issue that is on appeal are as follows. The parties were married on April 27, 1977, in Toledo, Lucas County, Ohio. They are the parents of two minor children, a daughter, Dana, born to the parties during their marriage, and another daughter, Daylene, born to appellant during a previous marriage and adopted by appellee. On October 2, 1986, appellee filed his complaint for divorce alleging that appellant was guilty of extreme cruelty and gross neglect of duty, and on October 22, 1986, appellant filed her answer and counterclaim for divorce alleging that appellee was guilty of extreme cruelty and gross neglect of duty. The matter came on for hearing on June 24, 1987, December 10, 1987, and February 7, 1988, and in its final judgment entry dated July 19, 1988, the trial court awarded both parties a decree of divorce from each other on the grounds that they had lived separate and apart for one year. The trial court granted appellant possession of the children and ordered further review and determination of custody to take place six months from the date of the final judgment entry. The trial court ordered appellee to pay child support and past arrearages. The trial court also made a determination as to the division and distribution of the marital assets and apportionment of debts, the majority going to appellee in lieu of sustenance alimony. The trial court retained jurisdiction to award alimony to the aggrieved party in the event either party filed for bankruptcy. As part of the distribution of assets, the trial court accounted for future pension benefits as follows:

"* * * Defendant's counsel shall prepare a Qualified Domestic Relations Order that will set forth and provide a payment of the Defendant's interest in this plan in accordance with applicable laws. The Qualified Domestic Relations Order shall be by separate entry. Should the Plaintiff withdraw money from this plan before the Qualified Domestic Relations Order is in full force and effect, then the Defendant is entitled to one-half (½) of the contribution made to the Plaintiff as of February 1, 1988.''

Although neither party has provided this court with a copy of the QDRO, the parties agree that it provides for future distribution of appellant's proportionate share in the plan when appellee is entitled to receive the benefits. It is from this part of the final judgment entry that appellant has filed her notice of appeal.

Upon the granting of a divorce, the trial court must determine what award of alimony, which may include an equitable division of the marital assets as well as periodic payments for sustenance and support, is appropriate. *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 20 O.O. 3d 318, 421 N.E. 2d 1293; *Teeter* v. *Teeter* (1985), 18 Ohio St. 3d 76, 18 OBR 106, 479 N.E. 2d 890. The trial court is given broad discretion in determining the appropriate scope of these awards based on the particular facts and circumstances of each case, and such determination will not be disturbed by this court absent an affirmative showing that the trial court abused its discretion. *Cherry, supra; Teeter, supra.* The term "abuse of discretion" implies the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140.

An employee spouse's retirement or pension plan constitutes a marital asset subject to division by the trial court. *Teeter, supra; Day* v. *Day* (1988), 40 Ohio App. 3d 155, 532 N.E.

2d 201. R.C. 3105.18(B) provides that the trial court shall consider the retirement benefits of the parties as one factor in determining the appropriate alimony award. Some Ohio courts have recognized several different methods for equitably distributing the spouses' proportionate interests in such funds. One method is to order that the appropriate percentage or amount of the future benefits be paid to the non-employee spouse when the pension matures. *Day, supra.* This can be done through the use of a QDRO where appropriate. *Id.* Another alternative is for the trial court to reserve jurisdiction to divide the pension interest when the benefits are withdrawn from the plan, at that time reassessing the situation to determine if the circumstances warrant modification of the initial alimony award. *Blair* v. *Blair* (1983), 11 Ohio App. 3d 117, 11 OBR 171, 463 N.E. 2d 423; *Day, supra.* Yet another alternative is to withdraw the funds from the plan, if possible, and apportion and distribute them at the time of the divorce. *Blair, supra.* Finally, the trial court could determine the present value of the fund, calculate the non-employee spouse's proportionate share and offset that amount with other marital assets or with installment payments from the employee spouse. *Id.*

Preliminarily, it must be noted that this court, in *Schrader* v. *Schrader* (Oct. 12, 1984), Lucas App. No. L-84-029, unreported, in considering the issue of division of pension assets at the time of the divorce, determined that the better approach is to award the non-employee spouse a lump sum by calculating the present value of the pension benefits at the time of divorce, the percentage of that value that is attributable to the period of the marriage, and the appropriate share to which the non-employee spouse is entitled, taking into consideration any factors affecting the current value of the pension fund. The *Schrader* court found the above alternative preferable to awarding the non-employee spouse a specific share of the pension benefits that the employee spouse would receive in the future by holding:

"* * * as the general rule in this jurisdiction that trial courts must determine the present value of an employed spouse's pension fund, and then make a fair, equitable and final distribution of all marital assets. In essence, then, barring extraordinary circumstances, a trial court can not [sic] order a distribution of the pension assets to take place at the time of the employed spouse's retirement via the periodic pension payment plan." *Id.* at 12.

Upon reconsideration thereof, this court finds such an absolute rule untenable as it infringes upon the trial court's exercise of its discretion in determining which of the several alternatives available is most appropriate in effectuating an equitable division and distribution of the pension benefits given the specific needs and means of the parties in each individual case. Therefore, we hereby overrule the holding in *Schrader* which is set forth above.

Upon consideration of all of the lawful alternatives available to the trial court, we find that future distribution of the non-employee spouse's equitable share of the pension benefits is a viable one, especially when marital assets are few and/or the employee spouse lacks the means to pay a lump sum and the desire is to preserve the pension rights of the employee spouse.

Upon review of the transcript of the proceedings below, we find, based upon the foregoing, and upon the evidence presented to the trial court, that the trial court did not abuse its discretion by ordering future distribution of appellant's proportionate share

of appellee's pension fund pursuant to a QDRO. Accordingly, appellant's sole assignment of error is found not well-taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.