OPINION
{¶ 1} Theodore Norbut is appealing the judgment of the domestic relations division of the Greene County Common Pleas Court, which denied Mr. Norbut's Civ.R. 60(B) motion for relief from judgment. Margaret Norbut has filed a cross appeal from the court's denial of her motion for attorney fees in this action.
 {¶ 2} Theodore and Margaret Norbut were married in 1962 and divorced in 1989. The parties have had several disputes regarding issues from the divorce decree and have appeared before this court on three previous occasions. On December 14, 2000, Theodore filed a Civ.R. 60(B) motion asking the court to correct what he argued was a discrepancy between a provision in the 1989 Decision, Findings of Fact and Conclusions of Law (hereinafter "Decision") and the 1989 Judgment and Final Decree of Divorce (hereinafter "Decree"). On May 26, 1989, the trial court issued its Decision, which stated in part:
 {¶ 3} "The Court awards [Margaret] one-half of the Defendant's Civil Service Retirement plus one-half of the June 1988 Massachusetts Mutual Variable Annuity so that she will be provided for in her old age as she has no Social Security nor any other pension plan. The value of said award to [Margaret] is $28,608.00."
 {¶ 4} On August 1, 1989, the Decree, which had been drafted by Margaret's attorney and was signed by counsel for both parties, was filed. The Decree provided in part:
 {¶ 5} "The Court awards the Plaintiff one-half of the Defendant's Civil Service Retirement from the date of their marriage, December 29, 1962, until May 26, 1989, to be paid to her when he retires. And, in addition, one-half of the Massachusetts Mutual Variable Annuity when it matures as she has no pension plan."
 {¶ 6} The divorce decree was appealed to this court, and two other appeals have come before this court stemming from the parties' divorce. After the divorce, Theodore continued to work for several years and subsequently retired. When Theodore learned of the amount of his pension being given to Margaret, he took action to have the amount modified to not exceed $28,608.
 {¶ 7} On December 14, 2000, Theodore filed a Civ.R. 60(B) motion asking the court to correct what he argued was a discrepancy between a provision in the Decision and a provision in the Decree. Theodore argued to the trial court that the Decree erred in omitting the fixed sum, $28,608, that was mentioned in the Decision. Specifically, Theodore argued that the $28,608 figure set a cap on the amount of his retirement plan Margaret could receive. Margaret opposed Theodore's Civ.R. 60(B) motion, arguing that he had not met the requirements for relief from judgment under Civ.R. 60(B) and that the Decision did not contain language that could be construed as limiting her share of the pension benefits to $28,608. Additionally, Margaret moved for attorney fees in this case. The magistrate issued a decision recommending that Theodore's Civ.R. 60(B) motion be overruled and also Margaret's motion for attorney fees be overruled. Both parties filed objections, which the trial court overruled. Theodore and Margaret are appealing the judgment of the trial court overruling the objections.
 {¶ 8} Theodore raises the following five assignments of error:
 {¶ 9} "[1.] The Court Erred And Abused Its Discretion When It Failed To Clarify And Correct Its Ambiguous Order And The Discrepancy In The Record So As To Give Effect To The Intended Order And Agreement.
 {¶ 10} "[2.] The Court Erred And Abused Its Discretion When It Applied Later Existing Law And Practices To Interpret A Prior Discrepancy And Ambiguous Order As Being A Modification Intended By The Parties Notwithstanding That Such Was Not The Practice At The Time And There Was No Evidence Before The Court Of An Intention To Modify Or Change The Order.
 {¶ 11} "[3.] The Court Erred And Abused Its Discretion And Exceeded Its Jurisdiction When It Assumed And Applied A Modification Of An Order Without Any Evidence That The Parties Intended To Modify The Order And When It Did Not Have Jurisdiction To Modify The Order.
 {¶ 12} "[4.] The Court Erred, Abused Its Discretion And Held Against The Manifest Weight Of The Evidence When It Assumed Relief Under Rule 60(b) Was Not Necessary Because It Assumed, Using Later Existing Laws And Practices Rather Than Any Evidence In The Record, That The Parties Intended To Modify An Order Even Though All Evidence Showed That There Was A Discrepancy That Resulted In An Ambiguity.
 {¶ 13} "[5.] The Court Erred, Abused Its Discretion And Held Against The Manifest Weight Of The Evidence When It Failed To Grant Relief Under Rule 60(b) To Clarify And Correct The Ambiguous Language So As To Give Effect To The Intention Under The Law At The Time Of The Underlying Order And To Avoid An Inequitable, Unfair And Unlawful Modification Of The Property Division."
 {¶ 14} In the interests of judicial economy, we will first address Theodore's assignments of error together as he is essentially arguing that the trial court abused its discretion and was against the manifest weight of the evidence in failing to hold that the Decision required that Margaret receive no more than $28,608 of his pension. We disagree.
 {¶ 15} Civ.R. 60(B) provides a mechanism for parties to obtain relief from a court's judgment or order, stating:
 {¶ 16} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:(1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 17} In order to prevail on a motion brought under Civ.R. 60(B), a movant must demonstrate: (1) the existence of a meritorious claim or defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. GTE Automatic Electric v. Arc Indus. (1976), 47 Ohio St.2d 146,151; Brunswick v. Svoboda (1983), 6 Ohio St.3d 348, 351. If the moving party fails to meet any of the three prongs, the court should deny the Civ.R. 60(B) motion. Id.
 {¶ 18} A trial court exercises broad discretion when making an equitable division of marital property. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. Therefore, a trial court's discretion on these matters will not be overturned absent an abuse of discretion. Id. An abuse of discretion amounts to more than a mere error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 219.
 {¶ 19} When reviewing a trial court's judgment under a manifest weight standard of review, "[j]udgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 8 O.O.3d 261; Seasons Coal, Co., Inc. v. City ofCleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 20} Theodore was unable to meet the first prong of the test established under GTE to succeed on a Civ.R. 60(B) motion. Theodore is unable to prove the existence of a meritorious claim or defense. The Decision stated:
 {¶ 21} "The Court awards [Margaret] one-half of the Defendant's Civil Service Retirement plus one-half of the June 1988 Massachusetts Mutual Variable Annuity so that she will be provided for in her old age as she has no Social Security nor any other pension plan. The value of said award to [Margaret] is $28,608.00."
 {¶ 22} The Decree provided:
 {¶ 23} "The Court awards the Plaintiff one-half of the Defendant's Civil Service Retirement from the date of their marriage, December 29, 1962, until May 26, 1989, to be paid to her when he retires. And, in addition, one-half of the Massachusetts Mutual Variable Annuity when it matures as she has no pension plan."
 {¶ 24} Theodore focuses on the line, "the value of said award to [Margaret] is $28,608.00," and the absence of a similar line in the Decree. Theodore argues that this is a discrepancy, and the trial court agreed. However, we disagree. We think that it is best to interpret contracts and court opinions to find no ambiguity or discrepancy if a reasonable interpretation allows this. In reviewing the Decree and Decision, we find no discrepancy between the two documents. Both documents clearly convey that Margaret is to receive half of Theodore's pension earned during the period of their marriage. The court's statement in the Decision that the value of the award is $28,608 does not in any manner limit or change the trial court's grant of half of the pension to Margaret. In the decision, the trial court was apparently setting a value on the award in order to evaluate the property distribution to determine if it was equitable. Nothing in the Decision conveys that the trial court intended to limit Margaret to $28,608. Rather the trial court's Decision stated that it was concerned about providing for Margaret in her old age, which is consistent with the trial court's grant of half of Theodore's pension earned during the marriage. Having reviewed the documents, we see no discrepancy in the pension award provided in the Decision and in the Decree. Further, we believe that since a reasonable interpretation of the Decree and Decision can be made in which no discrepancy or ambiguity arises, that is the proper interpretation. Therefore, as there is no discrepancy, Theodore raises no meritorious claim for relief from judgment.
 {¶ 25} Further, even if a discrepancy existed, Theodore's counsel approved the Decree and signed the document. General agency principles provide that a principal is chargeable with and bound by the knowledge of or notice to his agent received by the agent in due course of his employment. Raible v. Raydel (1954), 162 Ohio St. 25, 29. Also, Greene County Local Rule 35 gives a party the right to object to the language of a final decree by taking a designated action. The Decree clearly reads that Margaret receives one-half of Theodore's pension earned during the period of their marriage. Yet, Theodore's counsel approved the Decree by signing it and failed to file any objections to the judgment. If the Decree was intended to have a provision limiting Margaret to $28,608 of retirement benefits, Theodore's counsel should have noted the glaring omission and objected. On the contrary, Theodore's counsel signed the Decree, and, pursuant to agency principles, Theodore's counsel's signature is imputed to him as the principal in a principal-agent relationship. Therefore, Theodore approved the Decree and cannot now claim that it was error.
 {¶ 26} Further, Theodore argues that, if the Decision and Decree is read to not place a $28,608 cap on the amount of pension Margaret receives, the trial court's division of property was inequitable. This Court in another appeal previously reviewed the parties' divorce and held that the division of property was equitable. We will not visit the alleged inequity of the 1989 division of property because that division of property has been affirmed as within the discretion of the court.Norbut v. Norbut (Nov. 5, 1990), Greene App. No. 89 CA 57.
 {¶ 27} Also, Theodore argues that the trial court erred in interpreting the language of the Decree to mean a coverture fraction when the law endorsing coverture fractions arose after the trial court entered the Decree. In 1990, the Supreme Court's decision in Hoyt v. Hoyt, gave definitive guidance on the use of coverture fractions and percentages. (1990), 53 Ohio St.3d 177. A coverture fraction represents "the ratio of the number of years of employment of the employed spouse during the marriage to the total years of his or her employment." Haller v. Haller
(Mar. 18, 1996), 12th Dist. No. CA95-06-063, quoting Hoyt, supra at 182. See, also, Ricketts v. Ricketts (1996), 109 Ohio App.3d 746, 752. "This coverture fraction is multiplied by the total amount given to the participating spouse to determine the amount the non-participating spouse will receive." Haller, supra, citing Hoyt, supra at 182. However, the method of ordering that the proper percentage or amount of the future pension benefits be paid to the non-employee spouse upon the pension's maturity was recognized in Ohio courts at the time of the Norbut's divorce decree. Day v. Day (1988), 40 Ohio App.3d 155; Powell v. Powell
(1989), 49 Ohio App.3d 56, 58. Therefore, interpreting the Norbut's Decree to give an award of one-half of the pension earned during the marriage to Margaret does not apply later-existing case law to the Decree. The case law supports that, at the time of the Norbut divorce, some Ohio courts were using the method of ordering future pension benefits to be paid when the pension matures as was done in the Decree.
 {¶ 28} Theodore failed to establish that a discrepancy existed between the Decree and the Decision, and he approved the Decree through his counsel. Moreover, the trial court did not err and apply later-existing law to interpret the Decree. Upon review, we believe that the trial court erred in determining that a discrepancy existed between the Decree and the Decision. However, the trial court reached the same result because it found that the omission of the $28,608 figure was an intent to modify the Decree to eliminate this provision. We need not reach the issue of whether the Decree exhibited an intent to modify the Decision as we find no discrepancy between the Decision and the Decree. Thus, Theodore cannot establish that he has a meritorious claim under the first prong of GTE, supra.
 {¶ 29} Even if Theodore's claim had been meritorious, his motion for Civ.R. 60(B) relief should not have been granted because it was not filed in a reasonable time. Theodore argues that his motion for relief comes under Civ.R. 60(B)(5) which only requires that the motion be brought within a reasonable time. Civ.R. 60(B)(5) is relief from judgment for any reason justifying relief from judgment, other than those listed in Civ.R. 60(B)(1) through (4). However, Theodore essentially argues that the Decree mistakenly omitted the provision in the Decision regarding the $28,608 figure. The Civ.R. 60(B) provision for mistake is not Civ.R. 60(B)(5), but Civ.R. 60(B)(1), which provides relief for, "mistake, inadvertence, surprise or excusable neglect." Yet, Civ.R. 60(B) requires that motions for relief under (B)(1) of this rule be brought within one year of the judgment or order. Theodore failed to bring this motion until eleven years after the judgment was entered. We find that Theodore's motion was not brought within a reasonable time and therefore could not have been sustained even if he had had a meritorious claim.
 {¶ 30} After having reviewed all the evidence and arguments of the parties, we cannot say that the trial court abused its discretion or was against the manifest weight of the evidence in denying Theodore's motion for relief from judgment. Theodore's assignments of error are without merit and overruled.
 {¶ 31} Margaret raises the following assignment of error:
 {¶ 32} "The Court Erred And Abused Its Discretion In Denying Mrs. Norbut's Motion For Attorneys Fees."
 {¶ 33} Margaret argues that the trial court erred in failing to conduct an evidentiary hearing on her motion for attorney fees to determine whether she will be prevented from fully litigating her rights absent an award of attorney fees. We agree.
 {¶ 34} R.C. 3105.18(H) provides:
 {¶ 35} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 36} R.C. 3105.18 contemplates a prospective award for attorney fees for a party in a divorce action. Seagraves v. Seagraves (1997),125 Ohio App.3d 98. "In considering a request for an award of attorney fees as part of a divorce action, a court is to determine whether the absence of such an award will prevent either party from fully litigating his or her rights, or protecting his or her interests, and whether the other party has an ability to pay such an award." Clark v. Joseph
(1994), 95 Ohio App.3d 207, 214; see also R.C. 3105.18(H). Further, the movant must also prove that the expenses were incurred and that the expenditures were reasonable and necessary. Oatey v. Oatey (1992),83 Ohio App.3d 251, 263; Goode v. Goode (1991), 70 Ohio App.3d 125, 134;Swanson v. Swanson (1976), 48 Ohio App.2d 85, 90. A trial court's decision "to not award fees may not be reversed absent a clear abuse of discretion." Layne v. Layne (1992), 83 Ohio App.3d 559, 568.
 {¶ 37} Margaret argues that the trial court should have granted an evidentiary hearing on her motion for attorney fees. Even though Margaret did not formally request a hearing on her motion, we believe that she was not required under R.C. 3105.18 to do so because her motion was sufficient. We believe the trial court abused its discretion in overruling Margaret's motion for attorney fees without conducting a hearing. Margaret's assignment of error has merit and is sustained. We reverse the trial court's judgment on Margaret's motion for attorney fees and remand it for a hearing on the motion.
 {¶ 38} The judgment of the trial court is affirmed in part and reversed and remanded in part.
BROGAN, J. and GRADY, J., concur.