OPINION
{¶ 1} Appellant James L. Winkler appeals the decision of the Court of Common Pleas, Tuscarawas County, which granted him a divorce from Appellee C. JoAnne Winkler, nka Heaston. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married in June 1951. The parties have four children, all of whom are presently emancipated. Appellant is a retired police officer with a state pension of $1366.50 per month and social security of $92.00 per month. Appellee held various jobs during the marriage, but presently receives SSI of $496.91 per month, social security of $68.00 per month, food stamps of $10.00 per month, and serves as a volunteer senior home companion with a small annual tax-free stipend.
 {¶ 3} Appellee filed a complaint for divorce on December 26, 2001. Appellant answered and filed a counterclaim on January 4, 2002. The matter proceeded to trial before a magistrate in August 2002.
 {¶ 4} On January 31, 2003, the magistrate issued her decision. She therein recommended granting a divorce and, inter alia, awarding the marital residence solely to appellee and the police and fire pension solely to appellant. Additionally, the magistrate recommended, inter alia, that each party retain their items of personal property, but that appellant would pay appellee a lump sum equalization payment of $5600 to appellee. Appellant was permitted to keep his pickup truck, motorcycle, and several firearms. The court further awarded $2405 in attorney fees to appellee. No spousal support was awarded.
 {¶ 5} On February 11, 2003, appellant filed an objection to the decision of the magistrate. On May 15, 2003, the trial court issued a judgment entry, overruling appellant's objections and adopting the findings and recommendations of the magistrate. Appellant timely appealed, and herein raises the following two Assignments of Error:
 {¶ 6} "I. The trial court abused its discretion in dividing the marital property.
 {¶ 7} "II. The trial court abused its discretion in awarding the appellee attorney fees.
 I. {¶ 8} In his First Assignment of Error, appellant argues the trial court abused its discretion in its resolution of marital property issues. We disagree.
 {¶ 9} We generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. R.C. 3105.171 explains a trial court's obligation when dividing marital property in divorce proceedings as follows: "(C)(1) Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section." See also Cherry, supra, at 355. On appellate review, the trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division of marital assets. Briganti v. Briganti (1984), 9 Ohio St.3d 220,222.
 {¶ 10} R.C. 3105.171(F) reads as follows:
 {¶ 11} "(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
 {¶ 12} "(1) The duration of the marriage;
 {¶ 13} "(2) The assets and liabilities of the spouses;
 {¶ 14} "(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
 {¶ 15} "(4) The liquidity of the property to be distributed;
 {¶ 16} "(5) The economic desirability of retaining intact an asset or an interest in an asset;
 {¶ 17} "(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 {¶ 18} "(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 {¶ 19} "(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 {¶ 20} "(9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 21} Appellant specifically contends that the court abused its discretion in awarding the marital residence to appellee and awarding the police pension to him, despite both parties agreeing that the marital residence should be sold. He notes that although the two assets have similar dollar values ($149,900 appraised value for the house, $146,707 present value for the police pension), the pension does not allow for any lump sum payout to appellant or any death benefit to his beneficiaries. Appellant further contends that his monthly pension payments ($1366.50 per month) are taxable, while appellee's future hypothetical sale of the house would be non-taxable as a sale of a primary residence.
 {¶ 22} In support, appellant cites Ralston v. Ralston (1989),61 Ohio App.3d 346, in which the First District Court of Appeals found a similar distribution inequitable, noting that "* * * unlike the marital residence awarded to appellee [wife], the pension benefits involved cannot be sold * * * or otherwise converted into property at the present value." Id. at 349. Ralston, of course, does not stand as a blanket proscription against marital residence/pension distributions of this nature, as we note the Court concluded that "* * * [the trial court's] distribution of the residence and pension benefits was inequitable and resulted in a property division which, viewed in its entirety, was an abuse of discretion." Id. at 349, emphasis added. See, also, Mullen v.Mullen (April 28, 1994), Cuyahoga App. No. 65254: "Although splitting the pension would allocate the risks and contingencies to the parties, allocating the entire pension to one party may still be reasonable under the circumstances."
 {¶ 23} In the case sub judice, appellee is sixty-nine years of age, takes medication, has no health insurance, and receives SSI as her primary source of income, unlike the wife in Ralston, who was forty-four years old and employed full-time as a nurse. Furthermore, although the husbands' ages in the case sub judice and in Ralston are much more similar (seventy-four and sixty-nine, respectively), the First District Court concluded, for reasons not apparent in the text of the opinion, that the husband's total pension payout, while speculative "* * * will most likely be far less than the actuarial figure." In the case sub judice, appellant's health is stated as "good," and the record provides no grounds for finding the present value of the police pension as overstated. We therefore find Ralston distinguishable. Cf. Ferrero v.Ferrero (June 8, 1999), Stark App. No. 98-CA-00095.
 {¶ 24} The Ohio Supreme Court has emphasized that a trial judge should be given wide latitude in dividing property between the parties. See Koegel v. Koegel (1982), 69 Ohio St.2d 355. In some cases, the goal of attempting to disentangle the parties' economic interests may best be accomplished by the award of a pension to one party. See Mullen, supra, citing Sprankle v. Sprankle (1993), 87 Ohio App.3d 129. Upon review of the record in this matter, we find the court's property division following this fifty-one year long marriage to be within the parameters of the court's discretion and made within the guidelines of R.C.3105.171(F).
 {¶ 25} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 26} In his Second Assignment of Error, appellant argues that the court erred in awarding attorney fees to appellee. We agree.
 {¶ 27} An award of attorney's fees lies within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359. R.C.3105.18(H) reads as follows: "(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 28} Although an award of attorney fees is reviewed under an abuse of discretion standard, neither the magistrate's decision nor the judgment entry in the case sub judice includes any finding under R.C.3105.18(H), compelling us to remand this matter to the trial court for the requisite review and findings. See Knotts v. Knotts (June 7, 1999), Stark App. No. 1998CA00336.
 {¶ 29} Accordingly, appellant's Second Assignment of Error is sustained.
 {¶ 30} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Wise, J., Gwin, P.J., and Boggins, J., concur.